**LI RONG TANG, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 04–5133–ag.

United States Court of Appeals, Second Circuit.

Aug. 31, 2007.

Li Rong Tang, Brooklyn, NY, pro se.

Rosa Emilia Rodriguez Velez, United States Attorney; Nelson Perez–Sosa, German A. Rieckehoff, Assistant United States Attorneys, San Juan, PR, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Li Rong Tang seeks review of an August 31, 2004 order of the BIA affirming the August 6, 2003 decision of Immigration Judge ("IJ") John Opaciuch, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Rong Tang*, No. A79 453 421 (B.I.A. Aug. 31, 2004), *aff'g* No. A79 453 421 (Immig. Ct. N.Y. City Aug. 6, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Here, the IJ properly found that Tang failed to meet her burden of establishing eligibility for asylum, withholding of removal, or relief under CAT. In support of her claims, Tang testified that she would likely be sterilized, fined, and hit for having a second child in violation of China's family planning policy. The IJ took administrative notice of a State Department country report, and found that nothing in the record indicated that sanctions imposed on parents of foreign-born children amounted to persecution, much less torture. We have held that the agency is "entitled to rely on [country condition reports], so long as in doing so it did not overlook any contradictory evidence directly presented by petitioner." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (citing *Tian–Yong Chen v. INS*, 359 F.3d 121, 127–30 (2d Cir.2004)). As Tang presented no contradictory evidence and the report the IJ relied on indicates that individuals in Tang's situation, at most, face fines for violating the family planning policy, substantial evidence in the record supports the agency's determination. *See id.*, 421 F.3d at 129 (stating that an applicant's well-founded fear claim based on U.S.-born children was "speculative at best" when he failed to present "solid support" that he would be subject to the family planning policy upon his return to China).

Likewise, Tang also failed to submit any specific evidence in support of her claim that she would likely be tortured for having illegally departed from China. A review of the background materials in the record reveals that illegal emigrants are generally fined and may be subjected to administrative detention. We have held that evidence in State Department reports that many repatriated Chinese citizens are placed in administrative detention does "not compel a reasonable adjudicator to conclude that petitioner would more likely than not be subjected to torture if removed to China." *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 157–61 (2d Cir.2005); *see also Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n. 21 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).